UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| DANNY MCKINNEY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 2:10-CV-112-TS |
| SHOREWOOD UTILITY, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Dismiss [DE 16], filed on June 23, 2010. Defendant Shorewood Forest Utilities, Inc. (named as Shorewood Utilities in the Complaint) moves to dismiss the Complaint filed by Plaintiff Danny McKinney, who is proceeding pro se in this matter, on grounds that his Complaint does not state a claim upon which relief may be granted. The Plaintiff has not filed a response.

## MOTION TO DISMISS STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. Requirements for stating a claim under the federal pleading standards are straight forward. A pleading that states a claim for relief must set forth "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for relief sought." Fed. R. Civ. P. 8(a). In considering motions to dismiss for failure to state a claim, "[courts] construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Moreover, "[a] document filed pro se is to be liberally construed . . .

and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

"A plaintiff . . . must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo*, 526 F.3d at 1083 (quotation marks and citations omitted). Although a complaint does not need detailed factual allegations, it must provide the grounds of the claimant's entitlement to relief, contain more than labels, conclusions, or formulaic recitations of the elements of a cause of action, and allege enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950–51 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.*

The Seventh Circuit has provided the following summary of the lessons to be learned from the Supreme Court's opinions in *Twombly* and *Iqbal*:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## THE PLAINTIFF'S EMPLOYMENT DISCRIMINATION COMPLAINT

In his Employment Discrimination Complaint, the Plaintiff alleges that the Defendant violated Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act (ADA), and 42 U.S.C. § 1981. In the category of "other" claims, he contends that the Complaint is brought pursuant to "Worker Comp slander [and] defamation of character." (Compl. § II, ¶ 1.) The Plaintiff's support for these claims is limited to the following:[1]

> Shorewood's actions toward the plaintiff were arbitrary, capricious, and discriminatory. The Employer and Supervisor had dual motive in firing the plaintiff. The plaintiff was falsely accused of sabotage, and mishandling of the waste water plant. This was later proved false on October 22, 2009.
> Fraud and deception by Shorewood Forest Utilities and [the law firm that] represented the defendant. The law firm failed to investigate the facts and presented lies and slander to the EEOC and other state and federal agencies.

(Compl. § III (Statement of Legal Claim) & § IV (Facts in Support of Claim).)

## ANALYSIS

The Plaintiff's claim that the Defendant's actions were arbitrary and capricious is too sketchy and conclusory to provide sufficient notice to the Defendant of the Plaintiff's claim, and the Court will not find the Plaintiff to state a valid claim for relief on this claim. *See Brooks*, 578 F.3d at 581. The allegation that the Defendant's actions were discriminatory is a legal conclusion. The Plaintiff does not support this conclusion with a sufficiently plausible factual

---

[1] Where it is clear what the Plaintiff intended to write, the Court has corrected the Plaintiff's spelling and grammatical errors.

basis. He alleges only that he was fired for dual motives. However, he never identifies these motives. Title VII prohibits employers from treating employees differently on the basis of race, color, religion, sex, or national origin, and from requiring people to work in discriminatorily hostile or abusive environments. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). Section 1981, which prohibits racial discrimination, requires methods of proof and elements that are essentially identical to those involved in a claim under Title VII. *McGowan v. Deere & Co.*, 581 F.3d 575, 579 (7th Cir. 2009); *Sublett v. John Wiley & Sons, Inc.*, 463 F.3d 731, 736 (7th Cir. 2006). For the ADA to apply, the Plaintiff must have been a qualified individual with a disability and suffered an adverse employment action because of his disability.

Even presuming all well-pleaded allegations to be true and viewing them in the light most favorable to the Plaintiff, and accepting as true all reasonable inferences to be drawn from the allegations, the Plaintiff does not identify any unlawful motive behind his employer's actions. That his employer had more than one reason or motive to terminate his employment is just as consistent with lawful conduct as it is with wrongdoing. The allegation that the Defendant falsely accused the Plaintiff of mishandling of the waste water plant does not move his claim from conceivable to plausible because the true reason for the termination is not identified. The Plaintiff does not even indicate which protected class he belongs to or identify whether he has a disability. Thus, the Plaintiff's factual allegations are not enough to raise the Plaintiff's right to relief under Title VII, § 1981, or the ADA above the speculative level.

The Plaintiff also claims that the Defendant committed slander and defamation of character in relation to worker's compensation. However, the Plaintiff does not identify any particular statement or statements that he believes constitutes slander or defamation, the context

4

in which the statement was made, or who made it. Thus, the Plaintiff provides only a legal conclusion that the Defendant committed slander and defamation, which is insufficient to provide the Defendant with notice, to provide the grounds for entitlement to relief, or to raise a right to relief above the speculative level.

Because the deficiencies with respect to the Title VII and § 1981 claims are of the type that can be cured, *cf. Tamayo,* 526 F.3d at 1084 (noting that the minimal pleading standard for "simple claims of race or sex discrimination" requires only that the plaintiff aver that the employer instituted a certain adverse employment action against the plaintiff on the basis of sex or race), the Court will dismiss his Complaint without prejudice to filing an amended complaint. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."); *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.") (quotation marks and citation omitted). The same is true of the ADA claim—a more carefully drafted complaint in conformity with Rule 8 might state a claim. Likewise, with regard to the slander and defamation claim, the Plaintiff may amend his pleadings to identify the nature of the statements that he contends were false.

## CONCLUSION

Based on the foregoing, the Defendant's Motion to Dismiss [DE 16] is GRANTED, and the Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. The Plaintiff is granted until September 3, 2010, to file an amended complaint that remedies the deficiency in the original Complaint. The Plaintiff need not seek leave to file this amended complaint, but failure to file an amended complaint by September 3, 2010, will result in the dismissal of the Plaintiff's Complaint for failure to state a claim upon which relief may be granted. The Defendant's Request for Ruling on its Motion to Dismiss [DE 18] is DENIED as MOOT.

SO ORDERED on August 2, 2010.

       s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION